UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTROL LASER CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM FREDERICK SMITH dba BSET EQ,<br><br>    Defendant. | Case No. 21-cv-01869-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF No. 74 |

Before the Court is Plaintiff Control Laser Corporation's motion for partial summary judgment. ECF No. 74. The Court will grant the motion in part and deny it in part.

## I.    BACKGROUND

Plaintiff, a laser technology developer, created a "method and system for decapsulation of integrated circuits." ECF No. 6 ¶ 11. Plaintiff's president is RenJie Rodger Liu, and its vice president is Fred Nielsen. ECF No. 74-20 at 5–6. Plaintiff is owned by Han Technology Incorporated ("HTI"), ECF No. 74-20 at 13–16, HTI is owned by Han's Technology Laser Company, HK, Ltd. ("Han's Technology Group"), and Han's Technology Group is owned by Han's Laser Technology Industry Group Company, Ltd. ("Han's Industry Group"). *Id.* at 15, 17–18. Han's Industry Group is located in Shenzhen, China.

In connection with its laser decapsulation technology, Plaintiff obtained the rights to U.S. Patent No. 7,271,012 ("'012 patent"). ECF No. 74-20 at 36–44; *see* ECF No. 6 at 13–21. The '012 patent recites a laser-based method and apparatus for "exposing a structure encapsulated with a material." '012 patent at 7:43; 8:33; *see also* ECF No. 74-20 at 28. Liu is the only individual within Plaintiff authorized to grant a license to practice the '012 patent, ECF No. 74-25 at 15, and Plaintiff has not granted any such licenses, ECF No. 74-20 at 33; ECF No. 74-25 at 12. Plaintiff

sells a number of products that practice the '012 patent through a decapsulation tool named FALIT. ECF No. 74-20 at 29–30.

Baublys Laser GmbH ("Baublys") is a German company that manufactures several systems that decapsulate semiconductor devices using laser technology. ECF No. 74-20 at 24–26; ECF No. 74-7 at 2–6. Baublys is a subsidiary of Han's Industry Group. ECF No. 74-20 at 21; ECF No. 74-20 at 77. Defendant BSET EQ designs, manufactures, and distributes laser decapsulation systems. ECF No. 74-11 at 2. Defendant holds itself out as "the exclusive distributor for Baublys lasers in North America and for their laser decapsulation systems world wide." ECF No. 74-24 at 6. Defendant also sells its own gas plasma system, the PLASER, that incorporates the Baublys systems. ECF No. 74-15 at 15–16. Defendant holds no patent licenses or other patent rights. ECF No. 74-21 at 154–56.

Defendant "invested at least $15,000 in order to market, advertise, present, trade, import, license, and/or sell the Baublys [systems]." *Id.* at 15. Defendant sold and distributed the Baublys systems from 2015 to 2019. ECF No. 74-7 at 2–6; ECF No. 74-21 at 8, 20, 158–160, 163; *see generally* ECF No. 74-16. Defendant also promoted the systems at trade shows. ECF No. 74-21 at 15, 46, 60, 172–73; *see generally* ECF No. 74-17. Defendant was "involved in training the customer on how to use the system" once it was installed and would spend "a day or two" "show[ing] [customers] how to deal with their parts." ECF No. 74-21 at 29, 30. On one occasion, Defendant provided "after-sale service." *Id.* at 26.

On November 9, 2018, Liu sent Defendant an email in which he asserted that Defendant was "agenting the infringed product of FALIT." ECF No. 74-26 at 5. Defendant received this correspondence but took no action in response. ECF No. 74-21 at 43–46. Liu and Defendant subsequently met at a trade show in Portland, Oregon, in 2019. *Id.* at 46. The two engaged in "a three-minute confrontation," *id.* at 46, in which Liu referred to Defendant as "a patent infringer" and told Defendant that he would "send a letter," *id.* at 47. Defendant responded that he "would throw [the letter] in the trash because there would be no reason for it." *Id.* at 54.

Plaintiff filed suit on March 17, 2021, ECF No. 1, and alleges that Defendant's conduct infringed claims 1 and 12 of the '012 patent, ECF No. 6 ¶¶ 26–38. Plaintiff brings claims for

1  direct infringement pursuant to 35 U.S.C. § 271(a), induced infringement pursuant to 35 U.S.C.
2  § 271(b), and contributory infringement pursuant to 35 U.S.C. § 271(c). *Id.* ¶¶ 41–42, 44.
3  Plaintiff filed the instant motion on April 27, 2023 and seeks partial summary judgment only on
4  the issue of Defendant's liability. ECF No. 74. The Court took the motion under submission
5  without a hearing on June 23, 2023. ECF No. 77.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

A party is entitled to summary judgment "only if, taking the evidence and all reasonable inferences in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020) (quoting *Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019)). A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Nissan Fire & Marine Ins. Cos.*, *Ltd. v. Fritz Cos.*, *Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). That party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). It is not the duty of the court "to scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards*, 55 F.3d at 251). "[A] mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence

tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (quoting *Liberty Lobby*, 477 U.S. at 252, 249). If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV. DISCUSSION

The validity of the '012 patent is undisputed, and the parties stipulated that Defendant's conduct infringes claims 1 and 12 of the patent. *See* ECF No. 38 at 2; ECF No. 36 at 2; *see also* ECF No. 75 at 8. The principal dispute between the parties is whether Defendant was authorized to sell the infringing systems. Defendant concedes that it "did not secure explicit written authorization from [Plaintiff] to market the Baublys Products" but maintains that it received permission from Han's Industry Group—Plaintiff's and Baublys's parent company—to sell those systems. The parties further dispute whether Plaintiff is entitled to summary judgment on Defendant's affirmative defenses.

### A. Direct Infringement

Federal law defines a "patentee" as "not only the patentee to whom the patent was issued but also successors in title to the patentee." 35 U.S.C. § 100(d). "Common corporate structure does not overcome the requirement that even between a parent and a subsidiary, an appropriate written assignment is necessary to transfer legal title from one to the other." *Abraxis Biosci., Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010). And "[t]he Federal Circuit has never held that a corporate parent has equitable title in a subsidiary's patents." *Digitech Image Techs., LLC v. Newegg Inc.*, No. 12-cv-01688–ODW (MRWx), 2013 WL 1871513, at *4 (C.D. Cal. May 3, 2013); *accord Top Victory Elecs. v. Hitachi Ltd.*, No. 10-cv-01579-CRB, 2010 WL 4722482, at *3 (N.D. Cal. Nov. 15, 2010) ("That a corporate parent's subsidiary owns a patent is not enough to establish that the parent has rights in the subsidiary's patents . . . . And the Federal Circuit has not held that a corporate parent inherently owns equitable title in a subsidiary's patents." (collecting cases)). It is undisputed that Plaintiff has exclusive rights to the '012 patent. ECF No. 74-20 at 36–44. Accordingly, Han's Industry Group could not have duly authorized Defendant to distribute the Baublys systems without a prior written assignment from Plaintiff that transferred

4

1    title to Han's Industry Group, and Defendant does not identify such an assignment. *Cf. Genetic*

2    *Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) ("The appointment of

3    a distributor to sell a product covered by a patent is analogous to a grant of a patent license. Such

4    an action conveys an implied license to the distributor, thereby surrendering the patentee's right to

5    exclude the distributor under the patent.").

6    Defendant also argues that Han's Industry Group had an implied license to the patent

7    under principles of equitable estoppel. It contends that it "had absolutely no reason to think that

8    Han's Industry Group and Baublys did not have the actual authority to grant such permission."

9    ECF No. 75 at 17. Defendant also asserts, without citation to the record, that "[Plaintiff]'s

10   principals were aware of the agreements between [Defendant], Baublys, and Han's Industry

11   Group, and it is believed that [Plaintiff]'s principal Mr. Ren[J]ie Liu also held a decision maker

12   role with Han's Industry Group, which is supported by the fact that public filings identify their

13   locations as being one and the same." *Id.* at 18. Defendant further asserts that Plaintiff's director

14   was in contact with Han's Industry Group and Baublys during the time that Plaintiff sold and

15   distributed the Baublys systems. *See* ECF No. 75-2 at 576–77.

16   "An implied license by equitable estoppel requires proof that: (1) the patentee, through

17   statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to

18   the alleged infringer; (2) the alleged infringer relied on that statement or conduct; and (3) the

19   alleged infringer would, therefore, be materially prejudiced if the patentee is allowed to proceed

20   with its claim." *Winbound Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir.

21   2001). "The first element requires the patentee to communicate that 'the accused infringer will not

22   be disturbed by the plaintiff patentee in the activities in which the former is *currently* engaged."

23   *Id.* (emphasis in original) (quoting *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d

24   1020, 1028 (Fed. Cir. 1992), *abrogated on other grounds by SCA Hygiene Prod. Aktiebolag v.

25   First Quality Baby Prod., LLC*, 580 U.S. 328 (2017)). "Thus, for this form of estoppel, the alleged

26   infringer must have knowledge of the patentee and its patent and must reasonably infer that the

27   patentee acquiesced to the allegedly infringing activity for some time." *Id.*; *see also Wang Lab'ys

28   Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997) ("The primary difference

1  between the estoppel analysis in implied license cases and the analysis in equitable estoppel cases
2  is that implied license looks for an affirmative grant of consent or permission to make, use, or sell:
3  i.e., a license.").

4  Defendant fails to satisfy the first element because it identifies no communicative conduct
5  by Plaintiff indicating that Defendant's activities in selling and distributing the Baublys systems
6  would not be disturbed. Instead, Defendant relies on deposition testimony in which Liu indicated
7  that he last communicated with representatives from Han's Industry Group and Baublys between a
8  few and several years ago. *See* ECF No. 75-2 at 576–77. But Liu neither identified the substance
9  of those communications nor testified that Defendant was aware of those communications.
10 Additionally, the record establishes that Liu emailed Defendant in 2018 to inform Defendant that
11 Plaintiff believed Defendant to be infringing the patent, ECF No. 74-26 at 5, and that Liu
12 confronted Defendant at a trade show in 2019 and accused Defendant of infringing the patent,
13 ECF No. 74-21 at 46. This conduct is the opposite of the affirmative grant required by the first
14 element. The Court therefore concludes that Defendant held no express or implied license to the
15 patent. Accordingly, Defendant is liable for direct patent infringement because it was not
16 authorized to "use[], offer[] to sell, or sell[]" the systems. 35 U.S.C. § 271(a).

17 **B.    Induced Infringement**

18 "Patent law provides that whoever actively induces infringement of a patent shall be liable
19 as an infringer." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). "In
20 addition to showing direct infringement by some party . . . , the patentee must also show that the
21 alleged infringer 'knowingly induced infringement and possessed specific intent to encourage
22 another's infringement.'" *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1351
23 (Fed. Cir. 2022) (quoting *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 9009 F.3d
24 398, 407 (Fed. Cir. 2018)). "Mere knowledge is insufficient. Liability for inducement 'can only
25 attach if the defendant knew of the patent and knew as well that the induced acts constitute patent
26 infringement.'" *Enplas*, 909 F.3d at 407 (quoting *Commill USA, LLC v. Cisco Sys., Inc.*, 575 U.S.
27 632, 640 (2015)).

28 Plaintiff argues that "by engaging in the Infringing Activities, BSET knew—and intended

—that the Infringing Systems would be used in a manner that infringes at least Claim 1 of the '012 Patent." ECF No. 74 at 21. But "[i]t is not enough to simply intend to induce the infringing acts." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1331–32 (Fed. Cir. 2020). Whether Defendant provided support services, after-sale service, or incorporated the Baublys system into its PLASER is irrelevant to the question of whether Defendant "possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix*, 581 F.3d at 1317. The record demonstrates that Defendant believed it was not infringing on the patent because it thought that it had received the requisite permission from Han's Industry Group. *See, e.g.*, ECF No. 74-21 at 46–47. Plaintiff's suggestion that it need not prove intent is incorrect as a matter of law, and it has failed to demonstrate that it is entitled to summary judgment as to its induced infringement claim.

### C. Contributory Infringement

"To establish contributory infringement, the patent owner must show . . . 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu*, 620 F.3d at 1326. "[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, aberrant, or experimental." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (quoting *Vita-Mix*, 581 F.3d at 1327). To determine whether a use is substantial, the court "may consider 'the use's frequency, . . . . the use's practicality, the invention's intended purpose, and the intended market." *Id.* (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010)). The patent owner must show that the infringer "knew that the combination for which its components were especially made was both patented and infringing." *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004) (quoting *Preemption Devices, Inc. v. Minn. Mining & Mfg. Co.*, 803 F.3d 1170, 1174 (Fed. Cir. 1986)).

Plaintiff fails to satisfy it the knowledge requirement. The only evidence Plaintiffs identify of Defendant's knowledge is that Defendant knew the patent existed as of 2004. *See* ECF No. 74-21 at 37. But Plaintiff must demonstrate that Defendant knew its activities were infringing. As just stated, Defendant believed it was not infringing on the patent because it thought that it had

7

received the requisite permission from Han's Industry Group.  Furthermore, the communications between Liu and Defendant, ECF No. 74-21 at 46–47; ECF No. 74-26 at 5, were nonspecific and thus, when construed in the light most favorable to Defendant, were insufficient to apprise Defendant of his infringing conduct.  *Cf. Fujitsu*, 620 F.3d at 1330 ("[W]e disagree with Phillips' claim that it need only show that Netgear knew of the patent and of the relevant acts, not whether these acts constituted infringement. . . . In this case, Phillips provided a letter that identified the . . . patent and stated that all . . . products infringe.  Construing all facts in a light most favorable to Phillips, we cannot hold that Netgear did not have the requisite knowledge as a matter of law.").  Plaintiff has therefore not demonstrated that it is entitled to summary judgment as to its contributory infringement claim.

### D. Affirmative Defenses

Plaintiff moves for summary judgment as to the eleven affirmative defenses raised by Defendant, and Defendant only offers argument with respect to five of those defenses.  "When a non-moving party opposes summary judgment with respect to some claims, but not others, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."  *Snapkeys, Ltd. v. Google LLC*, 539 F. Supp. 3d 1040, 1050 (N.D. Cal. 2021) (quoting *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891, 919 (N.D. Cal. 2016)); *see Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009).  Because Defendant does not address six affirmative defenses in its opposition, the Court concludes that Defendant has abandoned them.

#### 1. Equitable Estoppel

As a defense to a patent infringement claim, equitable estoppel requires:

> (1) the patentee engages in misleading conduct that leads the accused infringer to reasonably infer that the patentee does not intend to assert its patent against the accused infringer; (2) the accused infringer relies on that conduct; and (3) as a result of that reliance, the accused infringer would be materially prejudiced if the patentee is allowed to proceed with its infringement action.

*Ferring B.V. v. Allergan, Inc.*, 980 F.3d 841, 853 (Fed. Cir. 2020) (quoting *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 887 F.3d 1322, 1327 (Fed. Cir. 2018)).  Defendant identifies no

evidence that Plaintiff engaged in misleading conduct but asserts without citation that Han's Industry Group, Baublys, Defendant, and Plaintiff "were keenly aware of one another and regularly worked together with the same group of people." ECF No. 75 at 24. The only evidence that speaks to this issue establishes that Plaintiff first learned of Defendant's activities in 2018 and confronted him through Liu's e-mail of November 9, 2018. ECF No. 74-20 at 10; *see also* ECF No. 74-26 at 5. Defendant has thus failed to satisfy its burden to introduce evidence to show that a genuine dispute of material fact exists. Plaintiff is therefore entitled to summary judgment as to this defense.

### 2. Waiver

To prevail on its waiver defense, Defendant must show that Plaintiff "intentionally relinquished its rights to enforce the rights it now asserts. Waiver of a known right must be manifested by some overt act indicating an intention to abandon that right." *Microsoft Corp. v. Corel Corp.*, No. 5:15-CV-05836-EJD, 2017 WL 6513639, at *2 (N.D. Cal. Dec. 11, 2017) (quoting *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1965778, at *2 (N.D. Cal. May 31, 2012)). Defendant asserts without citation that "all of the facts point to CLC being aware of . . . [Defendant] commercializing the Baublys Products." ECF No. 75 at 25. But the existence of a parent-subsidiary relationship between Han's Industry Group and Plaintiff and the fact that Plaintiff and Baublys share a parent company, without more, is insufficient to impute actual knowledge of Defendant's activities to Plaintiff. Defendant also fails to identify an overt act indicating Plaintiff's intention to abandon its rights. Accordingly, Plaintiff is entitled to summary judgment as to this defense.

### 3. Laches

"To prove an affirmative defense of laches, a defendant must show (1) that the plaintiff delayed for an unreasonable an inexcusable amount of time in filing suit, and (2) that the defendant was prejudiced as a result of the delay." *Vita-Mix*, 581 F.3d at 1333. As discussed above, the record indicates that Plaintiff first learned of Defendant's conduct in 2018, and Plaintiff filed suit on March 17, 2021. Defendant maintains that Plaintiff must have first learned of Defendant's conduct in 2015 by virtue of the corporate relationships between Han's Industry

1    Group, Baublys, and Plaintiff, but Defendant identifies no probative evidence supporting this

2    assertion.  Nor has defendant argued that it was prejudiced as a result of the delay.  Plaintiff is

3    therefore entitled to summary judgment as to this defense.

### 4.    Unclean Hands

"[A] determination of unclean hands may be reached when misconduct of a party seeking relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation, *i.e.*, for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court." *ChriMar Sys. Inc. v. Cisco Sys., Inc.*, No. 13-CV-01300-JSW, 2019 WL 8333452, at *7 (N.D. Cal. Dec. 17, 2019) (quoting *Gilead Scis., Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018)).  "[T]he doctrine closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant, and requires that claimants have acted fairly and without fraud or deceit as to the controversy in issue." *Id.* (quoting *Gilead Scis.*, 888 F.3d at 1239).  As instances of Plaintiff's misconduct, Defendant identifies Plaintiff's "untenable position stating that it had no awareness of [Defendant's] actions" until 2018, and Plaintiff's purported "delay in acting to assert its rights."  But Plaintiff's position is supported by uncontested sworn deposition testimony, *see* ECF No. 74-20 at 10, and the asserted delay is simply a restatement of Defendant's laches argument.  The Court cannot, without more, characterize these actions as misconduct.  Plaintiff is therefore entitled to summary judgment as to this defense.

### 5.    Patent Exhaustion

As a preliminary matter, Plaintiff argues that Defendant has waived its defense under the patent exhaustion doctrine, "commonly referred to as the first sale doctrine," because Defendant did not include the defense in its answer. *LG Elecs., Inc. v. Bizcom Elecs., Inc.*, 453 F.3d 1364, 1370 (Fed. Cir. 2006), *rev'd sub nom. on other grounds*, *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008)).  However, affirmative defenses may be raised for the first time in connection with a motion for summary judgment "if the delay does not prejudice the plaintiff." *Magana v. Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997).

Plaintiff has neither argued nor demonstrated that Defendant's delay has prejudiced it. Accordingly, the Court will consider this defense.

The doctrine "provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Comput.*, 553 U.S. at 625. The doctrine applies equally to "transactions involving embodiments of patented methods or process" as it does to "those involving patented apparatuses and materials." *Id.* at 628–29. Defendant argues that the doctrine applies because the "facts clearly show that [Defendant] purchased the Baublys Products to resell them to its customers as [Defendant] is not the manufacturer." ECF No. 75 at 27. But the doctrine only applies to an initial authorized sale. The limited but uncontested record evidence establishes that Plaintiff has not granted any licenses to the '012 patent, ECF No. 74-20 at 33; ECF No. 74-25 at 12, which means that Baublys was not authorized to sell the systems, either. Defendant identifies no evidence to the contrary. Moreover, offering to sell a patented invention constitutes direct infringement, *see* 35 U.S.C. § 271(a), and it is uncontested that Defendant promoted the product at trade shows, *see* ECF No. 74-21 at 15, 46, 60, 172–73. Defendant has failed to identify evidence that creates a dispute of material fact as to whether the defense applies, and Plaintiff is therefore entitled to summary judgment as to this defense.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. The motion is granted as to Plaintiff's claim for direct infringement and as to Defendant's affirmative defenses. The motion is denied as to Plaintiff's claims for induced infringement and contributory infringement.

**IT IS SO ORDERED.**

Dated: December 8, 2023

_____
JON S. TIGAR
United States District Judge